Slip Op. 02 - 34

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - x
ELKEM METALS COMPANY and GLOBE METAL-
LURGICAL INC.,                           :

                            Plaintiffs, :

            v.                           :

UNITED STATES,                           : Consolidated
                                           Court No. 01-00098
                            Defendant,   :

            -and-                        :

COMPANHIA BRASILIERA CARBURETO DE        :
CÁLCIO,
                                         :
            Intervenor-Defendant.
                                         :
- - - - - - - - - - - - - - - - - - - - x

<u>Opinion & Order</u>

[Motion to dismiss foreign plaintiff
 from action for lack of standing denied.]

                            Dated:  April 1, 2002


      <u>Baker Botts LLP</u> (<u>Samuel J. Waldon</u> and <u>Matthew T. West</u>) for
Elkem Metals Company and Globe Metallurgical Inc.

      <u>Robert D. McCallum, Jr</u>. Assistant Attorney General; <u>David M.
Cohen</u>, Director, Commercial Litigation Branch, Civil Division, U.S.
Department of Justice (<u>Reginald T. Blades, Jr</u>.); and Office of
Chief Counsel for Import Administration, U.S. Department of Com-
merce (<u>John F. Koeppen</u>), of counsel, for the defendant.

      <u>Dorsey & Whitney LLP</u> (<u>Philippe M. Bruno</u> and <u>Rosa S. Jeong</u>) for
Eletrosilex S.A.


            AQUILINO, Judge:  This action consolidates complaints

filed by Companhia Brasileira Carbureto de Cálcio and Eletrosilex

S.A., CIT No. 01-00082, and by Elkem Metals Company and Globe

Metallurgical Inc., CIT No. 01-00098, each praying for relief from

Silicon Metal From Brazil; Final Results of Antidumping Duty
Administrative Review and Determination Not to Revoke in Part, 66
Fed.Reg. 11,256 (Feb. 23, 2001), promulgated by the International
Trade Administration, U.S. Department of Commerce ("ITA").  The
plaintiffs in the second action ("Elkem & Globe") were granted
leave to intervene as parties defendant in the first matter, from
which resultant adverse posture they have filed a motion to dismiss
Eletrosilex as a party with any actionable claim herein, alleging
lack of standing.

I

This motion takes the position that that Brazilian enter-
prise does not have standing to proceed under (a) the Tariff Act of
1930, as amended, and (b) the U.S. Constitution.

A

The sum and substance of the motion is that in Brazil
Eletrosilex S.A. no longer manufactures, produces or exports
silicon metal and that it therefore has lost whatever standing it
may have had to participate in judicial review of the kind
authorized herein.  That is, in

> early 2000, Eletrosilex began experiencing difficulty
> meeting its debt obligations. Press reports at that time
> . . . noted that "Eletrosilex, a major silicon metal
> producer, is looking for a capital partner to pay its
> debt." . . .  These reports also indicated that Rima
> Industrial S/A ("Rima") was considering taking over
> Eletrosilex's production capacity.  . . .
>
> During the summer of 2000, Rima took over [that]
> capacity, and Eletrosilex ceased to produce silicon met-

al.  According to the <u>Tex Report</u> (a metal industry pub-
lication), silicon metal production in Brazil underwent
a "reorganization" in July and August 2000. . . . The <u>Tex
Report</u> specifically notes that "since Eletrosilex has
been depressed on their operations for a long period,
Rima has leased the equipment held by Eletrosilex and is
producing silicon metal by this leased equipment.". . .
As a result, Eletrosilex ceased all production and ex-
portation of silicon metal.  The last imports of silicon
metal produced by Eletrosilex entered the U.S. market in
July 2000.  Since August 2000, there have been no entries
into the U.S. market of silicon metal produced by
Eletrosilex.

On February 23, 2001, the [ITA] . . . found that
Eletrosilex had made sales at less than fair value during
the period of review.  Based on Eletrosilex's failure to
provide critical information necessary for the [ITA] to
calculate a margin, the [agency] properly relied on facts
available, and imposed a dumping margin of 93.2% on
imports of silicon metal from Eletrosilex during the
period of review.  . . . Eletrosilex filed an appeal of
the determination with this Court pursuant to 28 U.S.C.
§1581(c) and 19 U.S.C. §1516a.[1]

On its face, this representation does not advance the

relief that the movants seek.  To begin with, ITA reviews pursuant

to 19 U.S.C. §1675, the final results of one of which is the

statutory basis of this consolidated action, invariably cover past

periods of importation.  Here, that period was July 1, 1998 through

---

[1] Elkem & Globe Motion to Dismiss for Lack of Standing, pp. 3-
4 (citations omitted).

Some of those omitted citations are to sources not part of the
ITA administrative record filed herein, which absence has caused
both Eletrosilex and the defendant to formally object to their
reference and reliability.

These objections are well-founded.  <u>See</u> <u>generally</u> <u>McKechnie
Brothers (N.Z.) Ltd. v. U.S. Dep't of Commerce</u>, 10 CIT 707 (1986),
and cases cited therein.  The court quotes this part of the motion
only for the purpose of exposing its innate inadequacy, as
discussed hereinafter.

June 30, 1999.  And there is no showing that Eletrosilex was not

doing then the business at issue.  In fact, the firm denies that is

has

> ceased to exist.  Eletrosilex has been significantly
> reorganized over the past several years.  Nonetheless,
> [it] still exists as a legal entity that leases produc-
> tion equipment to Rima Industrial S/A . . . to produce
> silicon metal.   . . . Because of this arrangement,
> Eletrosilex remains a participant in the industry and is
> an interested party.
>
> In addition, Eletrosilex was also an interested
> party during the course of the initial action and at the
> time that the appeal was initiated.  [It] directly
> produced silicon metal for import through August 2000,
> and, as a result, [] received a separate dumping margin
> from the [ITA] of 93.2% . . .. . . .Eletrosilex contin-
> ues to be involved, if indirectly, in the sale of silicon
> metal for import through its leasing agreement with Rima.
> Thus, [it] maintains a stake in the outcome of this
> appeal and is an interested party.[2]

Whatever its current role exactly may be, the administra-

tive record at bar does not show that either Elkem & Globe or the

ITA itself challenged Eletrosilex's standing to participate in the

agency's review of imports during 1998-99.  That process was

governed by that part of the Tariff Act which defined  "interested

party", in pertinent part, as "a foreign manufacturer, producer, or

exporter . . . of subject merchandise"[3].  And it is that adminis-

trative standing which becomes the basis for judicial review of

---

[2] Eletrosilex Opposition to Defendant-Intervenors' Motion to
Dismiss for Lack of Standing, pp. 2-3.

[3] 19 U.S.C. §1677(9)(A) (1999).  Subject merchandise, in turn,
was defined in part as "the class or kind of merchandise that is
within the scope of . . . a review", 19 U.S.C. §1677(25) (1999),
like the one at issue herein.

that process per the Tariff Act and also the Customs Courts Act of
1980.  While the former has been enacted in the present tense, to
wit,

> an interested party who is a party to the proceeding in
> connection with which the matter arises may commence an
> action in the United States Court of International Trade
> by filing a summons, and . . . a complaint, . . . con-
> testing any factual findings or legal conclusions upon
> which the [ITA] determination is based[,[4]]

the latter is couched in the past tense *viz.*:

> A civil action contesting a determination listed in
> [19 U.S.C. §1516a] may be commenced in the Court of
> International Trade by any interested party who was a
> party to the proceeding in connection with which the
> matter arose.

28 U.S.C. §2631(c).  And subsection (k) of that section 2631 adopts
the Tariff Act meaning of "interested party", 19 U.S.C. §1677(9)-
(A), supra.

Reading these statutory sections together, and under-
standing the entire process to which they were enacted to apply,
illuminate Eletrosilex as still standing within their ambit.  Elkem
& Globe read Brother Industries, Ltd. v. United States, 16 CIT 150,
787 F.Supp. 1454 (1992), to the contrary.  The court cannot concur.
First, the Tariff Act's definition of interested party was
different when that case was decided.  Section 1677(9)(A) in 1991
defined such a party to be "a foreign manufacturer, producer, or
exporter . . . of merchandise which is the subject of an investiga-
tion . . .."  That is, linguistically at least, the definition was
predicated upon a present *investigation* within the meaning of the

---

[4] 19 U.S.C. §1516a(a)(2)(A)  (1999).

Tariff Act, which in <u>Brother</u> meant a material-injury investigation by the International Trade Commission ("ITC"). While that agency did not object to the standing of the companies Brother before it until after it had decided upon its final, affirmative determination, the record showed that the erstwhile Brother producer in Japan of merchandise which was the subject of the underlying investigation had, in fact, transformed itself into a manufacturer of those particular goods exclusively in the United States. Since the focus of such an investigation by the Commission is on current or possible future material injury to a domestic U.S. industry by competing foreign imports, logic and the law coalesced in the Court of International Trade's dismissal of the Brother companies' appeal from the ITC's affirmative determination:

> . . . The use of the present verb tense in the statute suggests that if the merchandise manufactured, exported or imported by the plaintiffs ceases to be the subject of the investigation, then the plaintiffs are no longer interested parties.[5]

---

[5] <u>Brother Industries, Ltd. v. United States</u>, 16 CIT 150, 152, 787 F.Supp. 1454, 1456 (1992). In the only other case cited in Elkem & Globe's motion with regard to the statutory standard, <u>Citrosuco Paulista, S.A. v. United States</u>, 12 CIT 1196, 1199-1201, 704 F.Supp. 1075, 1081-82 (1988), the court denied a motion for leave to intervene before it in that matter on the part of an association of growers of Florida citrus fruit. While that group was the petitioner before the ITA and the ITC for investigations and relief, the object thereof was frozen concentrated orange juice from Brazil. And since at that time the definition of interested party was tied, in pertinent part, to "a like product", 12 CIT at 1200, 704 F.Supp. at 1081, the court could not equate the domestic growers' fruit with the Brazilian merchandise:

> As with grapes and wine, the Court holds that round oranges and frozen concentrated orange juice are different products for a "like product" determination.

12 CIT at 1201, 704 F.Supp. at 1082.

Clearly, that circumstance is not analogous to the one posed by Eletrosilex herein.

B

In fact, reference to the constitutional requirement for standing before a federal court buttresses that company's current right to be heard on the merits of its complaint.  That requirement has been summarized by the Supreme Court to mean that a party must show that (i) it has suffered an injury in fact that is concrete and is actual or imminent, not conjectural or hypothetical; (ii) the injury is fairly traceable to the challenged action; and (iii) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable federal court decision.  <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc</u>., 528 U.S. 167, 180-81 (2000).  Probable economic injury suffices to establish standing.  <u>E.g</u>., <u>Clinton v. City of New York</u>, 524 U.S. 417, 432-33 (1998), citing <u>Investment Company Institute v. Camp</u>, 401 U.S. 617, 620 (1971).  And the party need not establish with a certainty that it will take advantage of the economic benefit if it were to prevail.  <u>E.g</u>., <u>Bryant v. Yellen</u>, 447 U.S. 352, 367 n. 17 (1980).

Moreover, for purposes of resolving herein Elkem & Globe's motion to dismiss, the material allegations of the complaint are to be taken as admitted and liberally construed in favor of Eletrosilex.  <u>E.g</u>., <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421-22, <u>reh'g</u> <u>denied</u>, 396 U.S. 869 (1969), and cases cited therein.

Following that required, traditional approach at bar leaves this court unable to conclude that that Brazilian company has no cognizable stake in the outcome of this action contesting an antidumping-duty margin of 93.2 percent for exports in 1998-99.  <u>Cf</u>. <u>Japan Whaling Ass'n v. American Cetacean Soc'y</u>, 478 U.S. 221, 230-31 n. 4 (1986) (would-be watchers of whales on high seas found to have standing in federal court to pursue U.S. enforcement of the International Convention for the Regulation of Whaling against other nations).

II

In view of the foregoing, the motion of Elkem & Globe to dismiss Eletrosilex S.A. from this consolidated action must be, and it hereby is, denied.  And the court will therefore proceed to consider the merits of that company's complaint.

So ordered.

Dated:  New York, New York
        April 1, 2002

_____
                                                   Judge